```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION
                   CASE NO. 1:15-cr-20456-BB-1


UNITED STATES OF AMERICA,

        Plaintiff,                          September 15, 2015
                                            1:02 p.m.
    vs.

KHALED ELBEBLAWY,

        Defendant.                          Pages 1 THROUGH 12
_____


                   TRANSCRIPT OF CALENDAR CALL
                 BEFORE THE HONORABLE BETH BLOOM
                   UNITED STATES DISTRICT JUDGE


Appearances:

FOR THE GOVERNMENT:  UNITED STATES ATTORNEY'S OFFICE
                     VASANTH SRIDHARAN, AUSA
                     1400 New York Avenue Northwest, 8th Floor
                     Washington, DC 20005


FOR THE DEFENDANT:   FEDERAL PUBLIC DEFENDER'S OFFICE
                     JAN CHRISTOPHER SMITH, II
                     One East Broward Boulevard, Suite 1100
                     Fort Lauderdale, Florida 33301


COURT REPORTER:      Yvette Hernandez
                     U.S. District Court
                     400 North Miami Avenue, Room 10-2
                     Miami, Florida 33128
                     yvette_hernandez@flsd.uscourts.gov
```

1       (Call to order of the Court, 1:02 p.m.)
2            COURTROOM DEPUTY:  Calling Case Number 15-20456,
3   Criminal, United States of America v. Khaled Elbeblawy.
4            Counsel, please state your appearances for the record.
5            MR. SRIDHARAN:  Vasanth Sridharan for the Government.
6            MR. SMITH:  Jan Smith from the Federal Public
7   Defender's Office on behalf of the Defendant, who is present,
8   Your Honor.
9            THE COURT:  Hi.  Good afternoon to each of you.
10           Go ahead and have a seat.
11           Mr. Elbeblawy's case is scheduled for a calendar call
12  today, for the trial to take place during the next trial
13  period, which would commence on Monday, September 21st.  I do
14  see that this case has been given several continuances.  And I
15  do not see any written motion to continue and I see no reason
16  why the case should not proceed next week for trial.
17           On behalf of the Government?
18           MR. SRIDHARAN:  Your Honor, as we said last time,
19  we -- this case has a signed Plea Agreement and a Factual
20  Basis, but the Defendant has decided to go to trial.  We're
21  going to move to indict to add charges or -- charges and/or
22  individuals.  We have Grand Jury time reserved for the
23  beginning of October.  And so we would ask that it be continued
24  to allow us to present the Indictment to the Grand Jury.
25           THE COURT:  You presented that argument on August

1  31st, that the Government was prepared to file an indictment.
2  And that's why the Court continued the case and reset it for
3  this calendar period.  Why hasn't it been done?
4          MR. SRIDHARAN:  We were -- you know, we were still
5  putting together the Indictment.  And we are now ready to
6  present it at the beginning of October.  We didn't have the
7  Indictment ready on August 31st.  I believe that we said that
8  we needed some time to put together the Indictment.
9          THE COURT:  I don't know what that means, sir, "We
10 were trying to put together the Indictment."
11         On June 17th, the Government filed an Information.
12 Two days later, the Defendant signed a waiver of his right to
13 proceed via an indictment.  This trial was set for July 27th.
14 At that time, on July 17th, the Defendant moved for a 60-day
15 continuance, with the understanding that there was an attempt
16 to resolve the case.
17         When it came before the Court 45 days later, on August
18 31st, at that time you knew that there would no longer be an
19 agreement and the Government was required to prepare for trial.
20 And the Court granted another continuance on that date, setting
21 the cause for a calendar call today with a trial to proceed
22 next week.
23         So when you tell me that you're trying to put together
24 an indictment, that doesn't make much sense to the Court.  So
25 what specifically were you unable to do on June 17th at the

1   time that you filed the Information that you now need to do
2   today on September 15th?
3           MR. SRIDHARAN:  Your Honor, before the August 31st
4   calendar call, the day immediately preceding that calendar call
5   is when we were informed that the Defendant would like to go to
6   trial.  We were proceeding as if it would resolve via a plea
7   agreement up until that point.
8           From then, we've worked to write the Indictment and
9   get the Grand Jury time.  We were able to get Grand Jury time
10  for the beginning of October -- for October 1st.
11          THE COURT:  My question is:  At the time that you
12  filed the Information on June 17th, why is it that you didn't
13  make a decision at or about that time, before this case
14  traveled on an Information?
15          MR. SRIDHARAN:  A decision to indict, Your Honor?
16          THE COURT:  Yes.
17          MR. SRIDHARAN:  Because we assumed it would resolve
18  via plea.  We had a signed Factual Basis and a signed Plea
19  Agreement.  We assumed it would resolve via a Plea Agreement.
20          THE COURT:  And when was that signed?
21          MR. SRIDHARAN:  The Plea Agreement and the Factual
22  Basis were signed in June, Your Honor.
23          THE COURT:  My very point.  So you had a signed Plea
24  Agreement and a signed Factual Proffer in June.
25          MR. SRIDHARAN:  Yes, Your Honor.

1             THE COURT:  The case was set for trial on July 27th.
2    At that time, you should have known whether the case was going
3    to be resolved by way of a plea or whether it was going to
4    proceed to trial because it specifically came before the Court.
5             On July 17th, the Defendant moved for a 60-day
6    continuance in order to prepare for trial.  At that time, you
7    should have known that the case was going to proceed.
8             On August 31st, again, when you were told that
9    Mr. Elbeblawy wanted to proceed to trial, at that time you had
10   an opportunity.  So I'm failing to see why this Court would
11   delay this cause any further.  So the request to continue the
12   case would be denied.
13            MR. SRIDHARAN:  Thank you, Your Honor.
14            THE COURT:  If you can advise the Court, since this
15   case is set in the Miami division, it was originally
16   transferred to the Miami division, why this case should not be
17   tried in Miami.
18            MR. SRIDHARAN:  I have no objection to the case being
19   tried in Miami.
20            THE COURT:  On behalf of the Defendant?
21            MR. SMITH:  Your Honor, I can't answer that question
22   at this time.  Reason being that Mr. Elbeblawy has expressed to
23   me that he has concerns he would like to raise personally with
24   the Court regarding further representation by me on this case.
25   I believe that a Faretta inquiry probably should be conducted,

```
 1   and I would ask that that particular proceeding be done ex
 2   parte, Your Honor.
 3            THE COURT:  The Court has not received anything filed
 4   by Mr. Elbeblawy.
 5            MR. SMITH:  I understand.  I think that is because --
 6   I had indicated to Mr. Elbeblawy when he expressed this concern
 7   to me that he should write a letter to the Court or address his
 8   concerns with the Court.  He indicated to me that he would like
 9   to speak with the Court.  And I think it is my duty at this
10   time, since he has his choice of counsel, if he wants to
11   represent himself, he has that right, if he gets through this
12   hearing, that I have to bring this to the Court's attention.
13   And I did notify your chambers, when he did tell me, just to
14   warn that this was likely coming.  And counsel for the
15   Government was aware of this as well.  So I tried to put the
16   Court on notice.
17            THE COURT:  Mr. Elbeblawy?
18            THE DEFENDANT:  Yes, Your Honor.
19            MR. SMITH:  Your Honor, before he speaks, I would
20   prefer that he speak ex parte with the Court without the
21   prosecutor here.  Some of what he may say may be
22   attorney-client privileged information.
23            THE COURT:  Without disclosing any contents,
24   Mr. Elbeblawy, is what Mr. Smith -- what Mr. Smith is stating
25   to the Court in terms of your intentions, is that accurate?
```

|   |   |
|---|---|
| 1 | THE DEFENDANT:  We spoke, Your Honor, last week -- |
| 2 | THE COURT:  My question is whether it's accurate, sir. |
| 3 | THE DEFENDANT:  No.  No, Your Honor.  Because we |
| 4 | spoke, but I did not decide for him to be off the case. |
| 5 | THE COURT:  All right.  So you still want Mr. Smith to |
| 6 | represent you? |
| 7 | THE DEFENDANT:  Yes. |
| 8 | THE COURT:  All right.  Mr. Smith, are you ready to |
| 9 | proceed to trial on Monday, sir? |
| 10 | MR. SMITH:  I'm ready for trial, Your Honor. |
| 11 | THE COURT:  All right.  And is there any reason why |
| 12 | this case, which was filed in the Miami division, should not |
| 13 | proceed to trial in Miami? |
| 14 | MR. SMITH:  Your Honor, my client has previously |
| 15 | expressed to me that he would prefer to be tried in Fort |
| 16 | Lauderdale, as he lives in Broward County.  He was investigated |
| 17 | through the Medicare Fraud Task Force, which is located in |
| 18 | Miramar as well. |
| 19 | THE COURT:  As the Government carries the sole burden |
| 20 | of bringing forward those witnesses, I don't hear the |
| 21 | Government expressing any inconvenience.  We do have cases that |
| 22 | are scheduled on the 22nd, as well as the 25th.  So in order to |
| 23 | accommodate the Court's schedule -- and it was filed in |
| 24 | Miami -- absent any specific reason why the case should not be |
| 25 | tried in Miami, it will remain in Miami. |

1              So we will begin trial on Monday, September 21st, at
2     9:00 a.m., in Courtroom 10-2.  We'll select the jury on Monday,
3     the 21st.  The 22nd, we have cases scheduled in Miami.  And
4     unless we're able to reschedule the afternoon, then we'll
5     continue on the 24th and the 25th.  That's Thursday and Friday.
6     That will give us three days.
7              How much time does the Government anticipate you will
8     need to try this case?
9              MR. SRIDHARAN:  Your Honor, we anticipate one week.
10        (Pause in proceedings.)
11             THE COURT:  All right.  So the 21st we'll pick the
12    jury.  We'll proceed the 24th and the 25th.  We'll just proceed
13    a little late on the 25th.  We have some sentencings in the
14    morning.  So we'll bring the jury back at about 10:00.  And
15    then if we're not able to conclude the case -- which that only
16    gives us three days, so I'm assuming we're going to need more
17    time -- then we'll advise the jury on Monday the case will take
18    us through the 28th, 29th, and 30th of September.  And that
19    will give six days and we'll see where we are on the 30th.
20             All right.  I don't see that there are any motions
21    that have been filed.  Is there anything further that we need
22    to address before the case proceeds to trial on Monday,
23    September 21st, at 9:00 a.m.?
24             On behalf of the Government?
25             MR. SRIDHARAN:  No, Your Honor.

```
 1              THE COURT:  On behalf of the Defendant, Mr. Smith?
 2              THE DEFENDANT:  I would like to address something,
 3    Your Honor.
 4              THE COURT:  Mr. Smith, did you want to speak with your
 5    client before it's addressed on the record?
 6              MR. SMITH:  No.  I'd prefer him speak with the Court,
 7    Your Honor.
 8              THE COURT:  Mr. Elbeblawy?
 9              THE DEFENDANT:  Your Honor, I'm not aware of the
10    system.  I'm just sharing something that when I spoke with
11    Mr. Smith, when I requested to speak, I thought he would be
12    representing me and at certain points I would be explaining
13    myself.  Because, again, I don't know how the system works.
14    But I think he misunderstood me of me trying to stand a hundred
15    percent on my own for the case.  And I think that doesn't make
16    sense because I'm not aware of the law.  So I think that was a
17    miscommunication between me and him at this point.
18              But if I had the intention to have him off the case, I
19    would be filing a motion, as he explained to me, way ahead of
20    time to -- you know, to request and would have enough time
21    before today.
22              So I feel he's a little bit -- you know, with all due
23    respect to him, he's a little bit -- you know, get
24    disappointed.  And that's not my indentation at all.  But thank
25    you.  Of course I appreciate your decency for allowing me to
```

1    speak and express how this miscommunication happened between
2    us.
3              THE COURT:  All right.  And I understand that it may
4    be a miscommunication.  Mr. Smith, your attorney, has already
5    advised the Court that he is prepared to proceed to trial on
6    Monday.  So is there anything further that the Court needs to
7    address in your case, Mr. Elbeblawy, before I see you and your
8    attorney on Monday, September 21st, at 9:00 a.m. for your
9    trial?
10             THE DEFENDANT:  I'm okay, Your Honor, unless he's not
11   interested to continue representing me.  I would be filing a
12   motion immediately, even now before I leave the courthouse,
13   to -- if him is not interesting anymore to -- like to continue
14   with me in the case.
15             THE COURT:  Mr. Smith, is there anything that the
16   Court should know?
17             MR. SMITH:  No.  I'm ready for trial, Your Honor.
18             THE COURT:  Are you able to effectively represent your
19   client?
20             MR. SMITH:  Absolutely.  I have prepared this case for
21   trial.  I've gone over all of the discovery with my client.  I
22   have reviewed the Government's case with him.  I have attempted
23   to get his version that I will present to the jury and I'm
24   ready to proceed.
25             THE COURT:  Okay.  We'll see you on September 21st, at

```
 1     9:00 a.m., in Courtroom 10-2.
 2             Toniann, 44 jurors.
 3             COURTROOM DEPUTY:  Okay.
 4       (Proceedings concluded at 1:14 p.m.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   UNITED STATES OF AMERICA        )

 2   ss:

 3   SOUTHERN DISTRICT OF FLORIDA    )

 4                   C E R T I F I C A T E

 5           I, Yvette Hernandez, Certified Shorthand Reporter in

 6   and for the United States District Court for the Southern

 7   District of Florida, do hereby certify that I was present at

 8   and reported in machine shorthand the proceedings had the 15th

 9   day of September, 2015, in the above-mentioned court; and that

10   the foregoing transcript is a true, correct, and complete

11   transcript of my stenographic notes.

12           I further certify that this transcript contains pages

13   1 - 12.

14           IN WITNESS WHEREOF, I have hereunto set my hand at

15   Miami, Florida this 15th day of December, 2021.

16

17                       /s/Yvette Hernandez
                         Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                       400 North Miami Avenue, 10-2
                         Miami, Florida 33128
19                       (305) 523-5698
                         yvette_hernandez@flsd.uscourts.gov
20

21

22

23

24

25
```